AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| This document relates to | CASE NO. 3:08-cv-1411-CRB |
| FLOYD THAMES, et al., | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiffs, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, G.D. SEARLE LLC, and MONSANTO COMPANY, | |
| Defendants. | |

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

NOW COME Defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## **PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Bextra®.

## II.

## **ANSWER**

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendants.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFFS' COMPLAINT at ¶ 15, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

7.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

8.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining

2  allegations in this paragraph of the Complaint.

3  9.      Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship,

5  Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.

6  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining

7  allegations in this paragraph of the Complaint.

8  10.     Defendants are without knowledge or information sufficient to form a belief as to the

9  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship,

10  Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.

11  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining

12  allegations in this paragraph of the Complaint.

13  11.     Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship,

15  Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.

16  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining

17  allegations in this paragraph of the Complaint.

18  12.     Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship,

20  Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.

21  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining

22  allegations in this paragraph of the Complaint.

23  13.     Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship,

25  Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.

26  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining

27  allegations in this paragraph of the Complaint.

28  14.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants admit that Pfizer is a Delaware corporation.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants admit that Pharmacia is a Delaware corporation.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

2  1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to

3  Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was

4  incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed

5  its name to Monsanto Company ("2000 Monsanto").   The 2000 Monsanto is a corporation

6  existing under the laws of the state of Delaware, having its principal place of business in the

7  State of Missouri.  The 2000 Monsanto is engaged in the agricultural business and does not and

8  has not ever designed, produced, manufactured, sold, resold, or distributed Bextra®.  As the

9  2000 Monsanto does not and has not ever designed, produced, manufactured, sold, resold, or

10  distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party in

11  this matter and its presence does not defeat diversity jurisdiction.  Defendants deny the

12  remaining allegations in this paragraph of the Complaint.  Defendants state that the response to

13  this paragraph of the Complaint regarding Monsanto is incorporated by reference into

14  Defendants' responses to each and every paragraph of the Complaint referring to Monsanto

15  and/or Defendants.

16  20.    Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information, which

19  at all times was adequate and comported with applicable standards of care and law.  Defendants

20  admit that, as indicated in the package insert approved by the FDA, Bextra® is indicated for use

21  in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as

22  for the treatment of primary dysmenorrhea.  Defendants admit that, during certain periods of

23  time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be

24  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

25  with their approval by the FDA.   Defendants admit that, during certain periods of time, Bextra®

26  was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

27  distributed Bextra® in the United States to be prescribed by healthcare providers who are by law

28  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-6-

1    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

2    21.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information, which

5    at all times was adequate and comported with applicable standards of care and law.  Defendants

6    deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs

7    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

8                    **Response to Allegations Regarding Background**

9    22.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

10   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

11   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants admit that, during

12   certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United

13   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

14   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

15   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

16   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

17   providers who are by law authorized to prescribe drugs in accordance with their approval by the

18   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19   23.    Defendants have insufficient knowledge or information to form a belief as to the truth of

20   the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®,

21   and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and

22   Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by

23   healthcare providers who are by law authorized to prescribe drugs in accordance with their

24   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

25   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

26   distributed Bextra® in the United States to be prescribed by healthcare providers who are by law

27   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

28   any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage and deny the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    remaining allegations in this paragraph of the Complaint.

2    24.    Defendants deny that Bextra® caused Plaintiffs injury or damage and deny the remaining

3    allegations in this paragraph of the Complaint.

4    25.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and

5    co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by

6    law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants

7    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

8    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

9    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10   accordance with their approval by the FDA.   Defendants deny the remaining allegations in this

11   paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

12   26.    Defendants are without knowledge or information to form a belief as to the truth of the

13   allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in

14   controversy, and, therefore, deny the same.   However, Defendants admit that Plaintiffs claim that

15   the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and

16   costs.

17   27.    Defendants state that this paragraph of the Complaint contains legal contentions to which

18   no response is required.   To the extent that a response is deemed required, Defendants state that

19   Bextra® was and is safe and effective when used in accordance with its FDA-approved

20   prescribing information.   Defendants state that the potential effects of Bextra® were and are

21   adequately described in its FDA-approved prescribing information, which was at all times

22   adequate and comported with applicable standards of care and law.   Defendants deny any

23   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Strict Products Liability/Defective Design**

24   28.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

25   Complaint as if fully set forth herein.

26   29.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® (valdecoxib) is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    32.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

3    Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

4    paragraph of the Complaint.

5    33.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

7    Bextra®, and, therefore, deny the same.  Defendants state that, in the ordinary case, Bextra® was

8    expected to reach users and consumers without substantial change from the time of sale.

9    Defendants state that Bextra® was and is safe and effective when used in accordance with its

10   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

11   were and are adequately described in its FDA-approved prescribing information, which was at all

12   times adequate and comported with applicable standards of care and law.  Defendants deny the

13   remaining allegations in this paragraph of the Complaint.

14   34.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information, which

17   was at all times adequate and comported with applicable standards of care and law.  Defendants

18   deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny

19   the remaining allegations in this paragraph of the Complaint.

20   35.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21   damage, and deny the allegations in this paragraph of the Complaint.

22   **Response to Second Cause of Action: Strict Products Liability/Failure to Warn**

23   36.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24   Complaint as if fully set forth herein.

25   37.    Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants state that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information, which

28   was at all times adequate and comported with applicable standards of care and law.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

2   Complaint.

3   38.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

5   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

6   effective when used in accordance with its FDA-approved prescribing information.  Defendants

7   state that the potential effects of Bextra® were and are adequately described in its FDA-

8   approved prescribing information, which was at all times adequate and comported with

9   applicable standards of care and law.  Defendants any wrongful conduct, deny that Bextra® is

10  defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the

11  Complaint.

12  39.    Defendants state that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information, which

15  was at all times adequate and comported with applicable standards of care and law.  Defendants

16  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

17  Complaint.

18  40.    Defendants deny the allegations in this paragraph of the Complaint.

19  41.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information, which

22  was at all times adequate and comported with applicable standards of care and law.  Defendants

23  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

24  Complaint.

25  42.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information, which

28  was at all times adequate and comported with applicable standards of care and law.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**<u>Response to Third Cause of Action: Negligent Design</u>**

46.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

47.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants state that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

52. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

53. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Negligent Failure to Warn**

54. Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

55. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

56. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

57. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

58. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Concealment**

59. Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

ANSWER TO COMPLAINT – 3:08-cv-1411-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  60.    Defendants state that Bextra® was and is safe and effective when used in accordance

2  with its FDA-approved prescribing information.  Defendants state that the potential effects of

3  Bextra® were and are adequately described in its FDA-approved prescribing information, which

4  was at all times adequate and comported with applicable standards of care and law.  Defendants

5  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

6  Complaint.

7  61.    Defendants state that Bextra® was and is safe and effective when used in accordance

8  with its FDA-approved prescribing information.  Defendants state that the potential effects of

9  Bextra® were and are adequately described in its FDA-approved prescribing information, which

10  was at all times adequate and comported with applicable standards of care and law.  Defendants

11  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

12  Complaint.

13  62.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information, which

16  was at all times adequate and comported with applicable standards of care and law.  Defendants

17  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

18  Complaint.

19  63.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information, which

22  was at all times adequate and comported with applicable standards of care and law.  Defendants

23  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

24  Complaint.

25  64.    Defendants state that this paragraph of the Complaint contains legal contentions to which

26  no response is required.  To the extent a response is deemed required, Defendants admit that they

27  had duties as are imposed by law but deny having breached any such duties.  Defendants deny

28  the remaining allegations in this paragraph of the Complaint.

65.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

69.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants state that the Bextra® label speaks for itself and respectfully refer the Court to the label for its actual language and text.  Any attempt to characterize the label is denied.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

71.     Defendants deny concealing any information, deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Sixth Cause of Action: Common Law Fraud

72.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

73.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct  and deny the remaining allegations in this paragraph of the Complaint.

76.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

77.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Seventh Cause of Action: Breach of Implied Warranty

78.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

Complaint as if fully set forth herein.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

81.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

82.     Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

83.     Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action: Breach of Express Warranty**

84.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

85.     Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  with its FDA-approved prescribing information.  Defendants admit, as indicated in the package

2  insert approved by the FDA, that Bextra® (valdecoxib) is indicated for use in the relief of the

3  signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment

4  of primary dysmenorrhea.  Defendants state that the potential effects of Bextra® were and are

5  adequately described in its FDA-approved prescribing information, which was at all times

6  adequate and comported with applicable standards of care and law.  Defendants admit that they

7  provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the

8  remaining allegations in this paragraph of the Complaint, including all subparts.

9  86.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11  Bextra®, and, therefore, deny same.  Defendants deny the remaining allegations in this

12  paragraph of the Complaint.

13  87.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information, which

16  was at all times adequate and comported with applicable standards of care and law.  Defendants

17  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

18  Complaint.

19  88.    Defendants any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

20  caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

21  Complaint.

22  89.    Defendants any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

23  and deny the remaining allegations in this paragraph of the Complaint.

24  **Response to Ninth Cause of Action: Negligent Misrepresentation**

25  90.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

26  Complaint as if fully set forth herein.

27  91.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Bextra® were and are adequately described in its FDA-approved prescribing information, which

2  was at all times adequate and comported with applicable standards of care and law. Defendants

3  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

4  Complaint.

5  92.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

7  Bextra®, and, therefore, deny same. Defendants state that Bextra® was and is safe and effective

8  when used in accordance with its FDA-approved prescribing information. Defendants state that

9  the potential effects of Bextra® were and are adequately described in its FDA-approved

10  prescribing information, which was at all times adequate and comported with applicable

11  standards of care and law. Defendants deny any wrongful conduct and deny the remaining

12  allegations in this paragraph of the Complaint.

13  93.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information. Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information, which

16  was at all times adequate and comported with applicable standards of care and law. Defendants

17  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

18  Complaint.

19  94.    Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information. Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information, which

22  was at all times adequate and comported with applicable standards of care and law. Defendants

23  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

24  Complaint, including all subparts.

25  95.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27  Bextra®, and, therefore, deny same. Defendants state that the potential effects of Bextra® were

28  and are adequately described in its FDA-approved prescribing information, which was at all

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-20-

1    times adequate and comported with applicable standards of care and law.  Defendants any

2    wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

3    96.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information, which

6    was at all times adequate and comported with applicable standards of care and law.  Defendants

7    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

8    Complaint.

9    97.    Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or

10   damage, and deny the remaining allegations in this paragraph of the Complaint.

11   98.    Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or

12   damage, and deny the remaining allegations in this paragraph of the Complaint.

13   **Response to Tenth Cause of Action: Concert of Action**

14   99.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

15   Complaint as if fully set forth herein.

16   100.   Defendants state that the potential effects of Bextra® were and are adequately described

17   in its FDA-approved prescribing information, which was at all times adequate and comported

18   with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19   remaining allegations in this paragraph of the Complaint.

20   101.   Defendants state that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information, which

23   at all times was adequate and comported with applicable standards of care and law.  Defendants

24   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

25   Complaint.

26   102.   Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information, which

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   at all times was adequate and comported with applicable standards of care and law.  Defendants

2   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

3   Complaint.

4   103.    Defendants state that Bextra® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Bextra® were and are adequately described in its FDA-approved prescribing information, which

7   at all times was adequate and comported with applicable standards of care and law.  Defendants

8   deny any wrongful conduct deny the remaining allegations in this paragraph of the Complaint,

9   including all subparts.

10  104.    Defendants state that the potential effects of Bextra® were and are adequately described

11  in its FDA-approved prescribing information, which was at all times adequate and comported

12  with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

13  remaining allegations in this paragraph of the Complaint.

14  105.    Defendants state that the potential effects of Bextra® were and are adequately described

15  in its FDA-approved prescribing information, which was at all times adequate and comported

16  with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

17  remaining allegations in this paragraph of the Complaint.

18  106.    Defendants state that the potential effects of Bextra® were and are adequately described

19  in its FDA-approved prescribing information, which was at all times adequate and comported

20  with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

21  Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph

22  of the Complaint.

23  107.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

25  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

26  effective when used in accordance with its FDA-approved prescribing information.  Defendants

27  state that the potential effects of Bextra® were and are adequately described in its FDA-

28  approved prescribing information, which at all times was adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-22-

1    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra®

2    caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

3    Complaint.

4    **Response to Eleventh Cause of Action: Conspiracy**

5    108.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

6    Complaint as if fully set forth herein.  Defendants deny any wrongful conduct and deny the

7    remaining allegations in this paragraph of the Complaint.

8    109.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information, which

11   at all times was adequate and comported with applicable standards of care and law.  Defendants

12   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

13   Complaint.

14   110.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information, which

17   at all times was adequate and comported with applicable standards of care and law.  Defendants

18   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

19   Complaint, including all subparts.

20   111.    Defendants state that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information, which

23   at all times was adequate and comported with applicable standards of care and law.  Defendants

24   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

25   Complaint.

26   112.    Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information, which

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants deny the allegations set forth in the unnumbered paragraph following this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

### Twelfth Defense

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of

1   Defendants is therefore barred.

2                          **Seventeenth Defense**

3   17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

4   Defendants.

5                          **Eighteenth Defense**

6   18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

7   conditions unrelated to Bextra®.

8                          **Nineteenth Defense**

9   19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the

10  doctrine of assumption of the risk bars or diminishes any recovery.

11                         **Twentieth Defense**

12  20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

13  preempted in accordance with the Supremacy Clause of the United States Constitution and by the

14  Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

15                         **Twenty-first Defense**

16  21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the

17  subject pharmaceutical product at issue was subject to and received pre-market approval by the

18  Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

19                         **Twenty-second Defense**

20  22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

21  Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

22  and Plaintiffs' causes of action are preempted.

23                         **Twenty-third Defense**

24  23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

25  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

26  issue under applicable federal laws, regulations, and rules.

27                         **Twenty-fourth Defense**

28  24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.     Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.     Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.     Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.     Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.     To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.     The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of Michigan, Missouri, Indiana, Ohio, Iowa, Florida, Georgia, North Carolina, West Virginia, and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution and the Constitutions of Alabama, Georgia, Louisiana, North Carolina, West Virginia, and Wisconsin.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of Michigan, Missouri, Indiana, Ohio, Iowa, Florida, Georgia, North Carolina, West Virginia, and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.     The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-second Defense

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Fifty-seventh Defense**

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.    The imposition of punitive damages pursuant to current Alabama law violates the Due Process and Equal Protection provisions of the Fourteenth Amendment to the United States Constitution; to wit, Defendants have not been given fair notice of the standard of conduct which could subject them to a claim for punitive damages, and have not been given fair notice of the amount of punitive damages that may accompany a finding of liability.    Alabama's current laws

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  regarding punitive damages do not serve a rational or legitimate state interest.

2  **Fifty-ninth Defense**

3  59.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule

4  1.120 of the Florida Rules of Civil Procedure.

5  **Sixtieth Defense**

6  60.    Plaintiffs' claims are barred because Bextra® was designed, manufactured, and marketed

7  in accordance with the state of the art at the time of manufacture per section 768.1257, Florida

8  Statutes.

9  **Sixty-first Defense**

10  61.    Bextra® is not defective or unreasonably dangerous, and Defendants are not liable

11  because, at the time of sale or distribution of the Bextra® alleged to have been used by Plaintiffs,

12  Defendants had complied with applicable regulations of the federal Food & Drug Administration

13  and are entitled to application of section 768.1256, Florida Statutes.

14  **Sixty-second Defense**

15  62.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or

16  fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such

17  comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery.

18  Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced as a result of

19  the negligence or fault of said persons or entities, pursuant to the provisions of section 768.81,

20  Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to sections 768.31

21  and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of

22  fault, taking into account the percentage of fault attributable to all other persons, whether or not a

23  party hereto, and not on the basis of joint and several liability.  The persons or entities referred to

24  in this paragraph that are presently unknown to Defendants will be identified in a timely manner

25  consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

26  **Sixty-third Defense**

27  63.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade

28  Practices Act ("FDUTPA").

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-fourth Defense**

64.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs' FDUTPA claim is improper and should be dismissed.

**Sixty-fifth Defense**

65.    The acts or practices of which Plaintiffs complain were and are required or specifically permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

**Sixty-sixth Defense**

66.    Plaintiffs lack standing because the answering Defendants did not engage in deceptive conduct with regard to Plaintiff or otherwise.

**Sixty-seventh Defense**

67.    Defendants specifically plead as to any breach of warranty claim all defenses under the Uniform Commercial Code, as enacted in the State of West Virginia, as existing and to the extent the same may arise in the future.

**Sixty-eighth Defense**

68.    Defendants assert all defenses as set forth and as envisioned by the common law of West Virginia for product liability matters.

**Sixty-ninth Defense**

69.    Defendants deny that Plaintiffs are entitled to recover on the basis of any strict liability theory.

**Seventieth Defense**

70.    Defendants reserve unto itself the right to have the fault of all persons and entities determined and allocated as required by law.

**Seventy-first Defense**

71.    To the extent Defendants' liability, if any, is not the result of Defendants' own conduct, but instead, is derived solely by an obligation imposed by law, with respect to its association with another person or entity, Defendants are entitled to complete and total express and/or implied indemnity from such other person or entity, including third parties who are not yet

parties to this action.

### Seventy-second Defense

72.    Plaintiffs' claim of injury and related claim for damages are speculative.

### Seventy-third Defense

73.    Plaintiffs received all or substantially all of the benefit from Bextra® that Plaintiffs hoped and intended Plaintiffs would receive, and to that extent, any damages and/or restitution that Plaintiffs may be entitled to recover from Defendants must be correspondingly reduced.

### Seventy-fourth Defense

74.    Plaintiffs have not been injured or damaged.  In the alternative, Plaintiffs have not been injured or damaged in the manner or to the extent Plaintiffs' claim.

### Seventy-fifth Defense

75.    Defendants are entitled to an offset, should any damages be awarded against it, in the amount of any damages or settlement payments recovered by Plaintiffs from other parties with respect to the same injury or injuries alleged in the Complaint.

### Seventy-sixth Defense

76.    Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources.

### Seventy-seventh Defense

77.    If Plaintiffs have received, or are now or subsequently become entitled to recover, any compensation or benefits from any source in connection with the harm alleged in the Complaint, the amount of damages, if any, which may be recoverable in this civil action, must be diminished by the amount of such recovery, compensation or benefits.

### Seventy-eighth Defense

78.    There is no basis in fact or law by which Plaintiffs are entitled to recover attorney fees and costs (if any) from Defendants.  To the extent such fees and costs may be deemed recoverable as to Defendants, Defendants asserts and preserve its right to contest the reasonableness of the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventy-ninth Defense**

79.     Defendants assert and preserve all defenses relating to Plaintiffs' claims (if any) to recover pre-judgment and/or post-judgment interest.

**Eightieth Defense**

80.     To the extent the Complaint may seek injunctive or equitable relief, such relief is barred because there exists an adequate remedy at law.

**Eighty-first Defense**

81.     Defendants avail themselves of all of the provisions, defenses, and standards of proof contained in O.C.G.A. § 51-12-5.1 concerning punitive damages.

**Eighty-second Defense**

82.     Plaintiffs' claims for strict liability are barred as to Defendants inasmuch as they are not manufacturers of the drug Bextra® within the meaning of O.C.G.A. § 51-1-11(b)(1) and applicable Georgia law.

**Eighty-third Defense**

83.     Plaintiff's claims for fraud and misrepresentation(s) are barred and should be dismissed because they have not been pled with sufficient particularity to meet the requirements of O.C.G.A. § 9-11-9(b).

**Eighty-fourth Defense**

84.     Upon information and belief, Plaintiffs' claims may be barred by the provisions of N.C. Gen. Stat. § 99B-4(1) in that the use o the product may have been contrary to express and adequate instructions or warnings provided to Plaintiffs by their physician(s).

**Eighty-fifth Defense**

85.     Upon information and belief, Plaintiffs continued to use Bextra® after they learned of its alleged defects.  Accordingly, Plaintiffs' claims are barred by North Carolina common law and N.C. Gen. Stat. § 99B-4(2).

**Eighty-sixth Defense**

86.     If it is discovered that Plaintiffs failed to exercise reasonable are under the circumstances in the use of Bextra®, and Plaintiffs' failure was a proximate cause of Plaintiff's

1    alleged injuries, then the provisions of N.C. Gen. Stat. § 99B-4(3) are pled as a complete bar to

2    Plaintiffs' right to recover against Defendants.

3                                **Eighty-seventh Defense**

4    87.    Plaintiffs' claims are barred by N.C. Gen. Stat. § 99B-5(c), which expressly limits

5    Defendants' responsibility to provide product warnings directly to consumers of prescription

6    drugs.

7                                 **Eighty-eighth Defense**

8    88.    Plaintiffs' product liability claims are barred by the defenses recognized by N.C. Gen.

9    Stat. § 99B-6, and all of its subparts.

10                                **Eighty-ninth Defense**

11   89.    To the extent not separately stated, Defendants plead as an affirmative defense all the

12   applicable defenses provided in N.C. Gen. Stat. Ch. 99B.

13                                 **Ninetieth Defense**

14   90.    This action is governed by Iowa Code Chapter 668.

15                                **Ninety-first Defense**

16   91.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by § 2315.21 of

17   the Ohio Revised Code and are subject to all provisions of the Ohio Revised Code.

18                                **Ninety-second Defense**

19   92.    Plaintiffs' damages, if any, are barred or limited by the payments received from

20   collateral sources and the provisions of the Ohio Revised Code.

21                                **Ninety-third Defense**

22   93.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by

23   Ohio law.

24                                **Ninety-fourth Defense**

25   94.    Plaintiffs' damages, if any, must be reduced by the percentage of fault attributable to

26   Plaintiffs and to nonparties as provided by the Ohio Revised Code.

27                                **Ninety-fifth Defense**

28   95.    One or more of Plaintiffs' claims for damages are subject to statutory limits on certain

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    types of damages, and the Court is without jurisdiction to enter judgment for Plaintiffs beyond

2    the limits set forth in the Ohio Revised Code.

3    **Ninety-sixth Defense**

4    96.    Ohio Senate Bill 120 and Senate Bill 80, now codified in various sections throughout

5    the Ohio Revised Code, bar or limit one or more of Plaintiffs' claims, including the limits and

6    restrictions on damages set forth herein.

7    **Ninety-seventh Defense**

8    97.    Plaintiffs' claims are barred and/or limited by the provisions of the Indiana Products

9    Liability Act, I.C. 34-20-1-1 et seq.

10    **Ninety-eighth Defense**

11    98.    Plaintiffs' damages, if any, are barred or limited by the payments received from

12    collateral sources, and the provisions of I.C. 34-44-1-1.

13    **Ninety-ninth Defense**

14    99.    Defendants assert all affirmative defenses applicable under the Indiana Products

15    Liability Act, I.C. 34-20-1-1 et seq., and all amendments thereto.

16    **One hundredth Defense**

17    100.    Plaintiffs' alleged injuries/damages, if any, were the result of unforeseeable alterations,

18    improper handling, or other unforeseeable misuse of the product Bextra® by persons other than

19    Defendants or persons acting on its behalf and any liability of Defendants is therefore barred.

20    **One hundred first Defense**

21    101.    Plaintiffs' claims are barred by the limitations and defenses set out in the Missouri

22    Product Liability Act, Mo. Rev. Stat. § 537. 760 *et seq.*, including but not limited to, the "state

23    of the art" defenses as defined in Mo. Rev. Stat. § 537.764.    Defendants incorporate by

24    reference all defenses and/or limitations set forth or referenced in the Missouri Product Liability

25    Act.

26    **One hundred second Defense**

27    102.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

28    omissions on the part of Defendants.    Rather, said loss is due to the acts or omissions on the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

part of third parties unrelated to Defendants and for whose acts or omissions Defendants is not liable in any way.  Mo. Rev. Stat. § 537.765.

### One hundred third Defense

103.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Missouri, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### One hundred fourth Defense

104.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Missouri law.

### One hundred fifth Defense

105.    Defendants deny that they are liable for any damages in this case.  Defendants contend, however, that any damage award to Plaintiffs that utilizes the Missouri joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendants' due process and equal protection guarantees under the United States and Missouri Constitutions. The Missouri joint and several liability scheme, under Mo. Rev. Stat. § 537.067, violates Defendants' due process guarantees because no legitimate state interest supports § 537.067, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Missouri joint and several liability scheme.  Additionally, the Missouri system of assessing joint and several liability violates Defendants' equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.  The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Missouri Constitutions. Thus, the scheme is unconstitutional and should not be applied in this action.

### One hundred sixth Defense

106.    The product in question was approved as safe and effective by the FDA and the labeling

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   for said product was in compliance with FDA's approval at the time the products left the

2   control of one or more Defendants and hence, Plaintiffs' claims are barred by MCL

3   600.2946(5).

4   **One hundred seventh Defense**

5   107.    Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

6   **One hundred eighth Defense**

7   108.    To the extent Plaintiffs prove that the products in question caused or contributed to any

8   injury they may have suffered, which is denied by these Defendants, these Defendants should

9   not be liable to warn as Plaintiffs cannot prove that the scientific, technical or medical

10   information that was reasonably available at the time was known or should have been known by

11   the Defendants. MCL 600.2948.

12   **One hundred ninth Defense**

13   109.    Defendants assert all of the protections and defenses afforded them, and Plaintiffs'

14   claims of liability or damages are limited pursuant to the Michigan Products Liability Act

15   including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including

16   MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL

17   600.2957 and MCL 600.2959.

18   **One hundred tenth Defense**

19   110.    The product alleged to have caused damages may not have been used in the manner and

20   for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable

21   purpose and in an unforeseeable manner may have proximately caused or contributed to the

22   alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant

23   to MCL 600.2947.

24   **One hundred eleventh Defense**

25   111.    Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs'

26   percentage of comparative fault is greater than the aggregate fault of the Defendants and non-

27   parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable,

28   must be reduced in total or part pursuant to 600.2946(a).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**One hundred twelfth Defense**

112.    The claims set forth in Plaintiffs' Complaint are barred in that the product in question was provided to a sophisticated user. In this case, the "user" would include any prescribing physician.

**One hundred thirteenth Defense**

113.    Plaintiffs failed to make every reasonable effort to mitigate, prevent and/or reduce their alleged damages, injuries, and monetary losses.

**One hundred fourteenth Defense**

114.    Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs, or those within Plaintiffs' control or with full knowledge of Plaintiffs.

**One hundred fifteenth Defense**

115.    Any claims for punitive damages are barred in that they are not allowable under Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further violate Defendants' constitutional rights under the following clauses of the United States Constitution, as well as any similar provisions under the Michigan Constitution: Commerce Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines and Equal Protection.

**One hundred sixteenth Defense**

116.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of

all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

April 24, 2008                                    GORDON & REES LLP


                                                 By: :_____/s/_____

                                                     Stuart M. Gordon
                                                     sgordon@gordonrees.com
                                                     Embarcadero Center West
                                                     275 Battery Street, 20th Floor
                                                     San Francisco, CA 94111
                                                     Telephone:  (415) 986-5900
                                                     Fax:  (415) 986-8054


April 24, 2008                                    TUCKER ELLIS & WEST LLP


                                                 By: :_____/s/_____

                                                     Michael C. Zellers
                                                     michael.zellers@tuckerellis.com
                                                     515 South Flower Street, Suite 4200
                                                     Los Angeles, CA 90071
                                                     Telephone:  (213) 430-3400
                                                     Fax:  (213) 430-3409

                                                     Attorneys for Defendants
                                                     PFIZER INC, PHARMACIA
                                                     CORPORATION, and G.D. SEARLE LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**JURY DEMAND**

2  Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by

3  jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  Dated:  April 24,  2008                    GORDON & REES LLP

6

7                                             By: :_____/s/_____

8                                             Stuart M. Gordon
                                              sgordon@gordonrees.com
9                                             Embarcadero Center West
                                              275 Battery Street, 20th Floor
10                                            San Francisco, CA  94111
                                              Telephone:  (415) 986-5900
11                                            Fax:  (415) 986-8054

12

13  Dated:  April 24, 2008                    TUCKER ELLIS & WEST LLP

14

15                                            By:_____/s/_____
                                              Michael C. Zellers
16                                            michael.zellers@tuckerellis.com
                                              515 South Flower Street, Suite 4200
17                                            Los Angeles, CA 90071
                                              Telephone:  (213) 430-3400
                                              Fax:  (213) 430-3409
18

19                                            Attorneys for Defendants
                                              PFIZER INC, PHARMACIA
20                                            CORPORATION, and G.D. SEARLE LLC

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:08-cv-1411-CRB

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**